UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAEANN GEER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                             /

Case No. 2:17-cv-13447

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING
OBJECTION [19], ADOPTING REPORT
AND RECOMMENDATION [18], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

The Commissioner of the Social Security Administration ("SSA") denied Raeann Geer's application for Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Geer appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. ECF 16, 17.

The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Geer's motion and grant the Commissioner's motion. ECF 18. Geer filed a timely objection and the Commissioner filed a response to Geer's objection. ECF 19, 20. Having examined the record and considered the objections de novo, the Court will overrule the objection, adopt the Report, deny Geer's motion for

1

summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Geer's action. ECF No. 18, PgID 787–90. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake a review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (quotation omitted).

## DISCUSSION

When making a disability determination, an ALJ performs a five-step sequential analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1520). Geer's motion for summary judgment challenges the ALJ's conclusion at Step 3. At Step 3, the ALJ determined that Geer "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." EFC 18, PgID 792 (citing ECF 11-2, PgID 56). Geer's summary judgment motion asserts that the ALJ wrongly determined that she does not meet Listing 1.04, and improperly dismissed treating physician evidence. *See generally* ECF 16. The magistrate judge analyzed Geer's claims along with the Commissioner's contention that "substantial evidence supports the ALJ's Step 3 determination and . . . the ALJ properly evaluated the opinion of Plaintiff's treating physician, Mayada Abdul-Aziz, M.D." ECF 18, PgID 791. The magistrate judge recommended that the Court deny Geer's motion for summary judgment and grant the Commissioner's motion for summary judgment because "Plaintiff has the burden of proof on her statements of error, and she has not shown legal error that would upend the ALJ's decision." *Id.* at 805. Geer filed one objection to the magistrate

3

judge's Report, claiming that the magistrate judge incorrectly applied a harmless error analysis and wrongly concluded that Geer did not meet or equal Listing 1.04. ECF 19, PgID 808. The Court has conducted a de novo review of Geer's objection and finds it lacks merit.

I.   Listing 1.04

Listing 1.04 relates to disorders of the spine. In Geer's case, the ALJ concluded that Geer did not meet Listing 1.04 "because the record does not show nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis." ECF 18, PgID 793 (emphasis omitted) (ECF 11-2, PgID 56). Geer did not identify record evidence of spinal arachnoiditis, and her summary judgment brief did not discuss it. *See* ECF 16, PgID 741–64. Consequently, the magistrate judge assumed that Plaintiff intended to argue that she meets Listing 1.04 subparts A and C. ECF 18, PgID 796 n.4. Geer does not object to the assumption. *See* ECF 19, PgID 808–11. The pertinent section of Listing 1.04 requires demonstration of the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); OR
> . . .
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically

4

> acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

ECF 18, PgID 792–93 (emphasis omitted) (quoting Listing 1.04, www.ssa.gov); *see also* ECF 16, PgID 756–57.

Geer alleges that the ALJ's finding that she does not meet the listing is "virtually unsupported and inaccurate." ECF 16, PgID 757. As to nerve root compression, the magistrate judge noted that there is evidence in the record showing "*mild* compression of the descending left S1 nerve root," and showing "*mild* foraminal stenosis" but that the ALJ's "mis-statements" regarding this aspect of Geer's case are "not outcome-determinative." ECF 18, PgID 796 (citations omitted). The magistrate judge found that even if the ALJ's statement that there is a lack of evidence of nerve root compression or lumbar spinal stenosis is inaccurate, the error is harmless because Geer failed to present medical evidence that her impairment meets or equals the impairments in Listing 1.04. *Id.* at 799. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009) ("A claimant must satisfy all of the criteria to meet the listing."). Specifically, as to Listing 1.04 subpart A, Geer did not establish she suffered motor loss as described in the Listing, or that she underwent positive straight-leg raise tests in both the sitting and supine positions. ECF 18, PgID 796–97. And as to Listing 1.04 subpart C, Geer did not cite any evidence to support finding

that her leg pain is due to pseudoclaudication and failed to show that she could not "ambulate effectively" as defined in Listing 1.04. *Id.* at 797–99. And further, "the ALJ made sufficient findings elsewhere in her decision to support her conclusion at step 3." *Id.* at 799–800 (quoting *Forrest v. Comm'r of Soc. Sec.,* 591 F. App'x 359, 366 (6th Cir. 2014)).

Geer objects to the magistrate's finding that any misstatement by the ALJ regarding lack of evidence of nerve root compression or lumbar spinal stenosis is harmless error. ECF 19, PgID 808–11; *see* ECF 18, PgID 799. Geer argues that "[i]t is clear by all analyses that whether Plaintiff meets and/or equals listing 1.04 is in fact plausible." ECF 19, PgID 811. But Geer fails to acknowledge that it is the claimant's burden to "point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of the listing." And she has not met this burden. *See Smith-Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 432–33 (6th Cir. 2014) (citation omitted). "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

Further, Geer's argument that "the ALJ ought to have obtained some kind of medical opinion to determine whether the Plaintiff equaled the listing," ignores record evidence addressed by the magistrate judge. ECF 19, PgID 811. Specifically, scrutiny of the ALJ opinion "reveals a more extensive analysis of the medical records within the RFC determination" that supports the ALJ's finding at Step 3 including

6

"reference to the April 10, 2015 physical RFC assessment of state agency medical consultant R.H. Digby, M.D., M.P.H." that the ALJ gave "some weight." ECF 18, PgID 800 (citing ECF 11-3, PgID 103–05; ECF 11-2, PgID 60). Geer failed to establish she met all of the specified medical criteria under Listing 1.04. The Court agrees with the recommendation of the magistrate judge.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Geer's objections. The Court finds the objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Geer's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Geer's Objections to the Magistrate Judge's Report and Recommendation [19] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [18] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Geer's Motion for Summary Judgment [16] is **DENIED**, and the Commissioner's Motion for Summary Judgment [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: March 15, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager